This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 33,204**

**CHARLES JAMES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Vicki W. Zelle, Assistant Appellate Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold Defendant's

conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Defendant has raised two issues. Because we previously described the pertinent evidence and set forth our analysis in the notice of proposed summary disposition, we will avoid unnecessary reiteration here. Instead, the following discussion will focus on the content of the memorandum in opposition.

{3}     First, Defendant renews his argument that the State failed to establish the validity of the traffic stop which led to his arrest. [DS 8; MIO 8-10] However, Officer Romero's testimony that Defendant was approaching a DWI checkpoint driving in the wrong direction down a one-way street, [RP 76] is sufficient to establish that the stop was supported by an objectively reasonable suspicion that a traffic violation had occurred or was occurring. *See* NMSA 1978, § 66-7-316(B) (2003) ("Upon a roadway designated and signposted for one-way traffic, a vehicle shall be driven only in the direction designated."); *and see generally State v. Ochoa,* 2008-NMSC-023, ¶ 15, 143 N.M. 749, 182 P.3d 130 ( "[T]o conduct an investigatory stop an officer must be able to point to specific articulable facts that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring."(internal quotation marks and citation omitted)); *State v. Vandenberg*, 2003-NMSC-030, ¶ 21,

134 N.M. 566, 81 P.3d 19 (noting that suspicion of violating a traffic law supplies initial justification for stopping a vehicle). Although Defendant continues to argue that it was incumbent upon the State to call the officer or officers who first hailed him down, [MIO 8-9] we remain unpersuaded. Insofar as Officer Romero was actually present at the scene, and was able to describe the facts and circumstances which supplied an objectively reasonable basis for the traffic stop, his testimony was sufficient to establish that the stop was justified at its inception. Because the subjective state of mind of the officer or officers who first hailed Defendant down is not a material consideration in this case, *see State v. Hubble*, 2009-NMSC-014, ¶ 8, 146 N.M. 70, 206 P.3d 579 ("The [reasonable suspicion] test is an objective one. The subjective belief of the officer does not in itself affect the validity of the stop[.]" (internal quotation marks and citation omitted)). We conclude that additional testimony from the other participating officer or officers would have been unnecessary. We therefore reject Defendant's first assertion of error.

{4}     Second, Defendant continues to challenge the district court's election not to sanction the State for failing to produce a blank breath card. [DS 8; MIO 10-12] As described at greater length in the notice of proposed summary disposition, Defendant made no showing of either the materiality of the blank breath card or the prejudice

3

occasioned by the State's failure to produce it. [RP 82] Under the circumstances, we perceive no abuse of discretion. *See generally State v. Jackson*, 2004-NMCA-057, ¶ 10, 135 N.M. 689, 92 P.3d 1263 ("A showing of noncompliance is insufficient to entitle a defendant to dismissal or other sanctions—the prejudice resulting from the violation must also be established."). We therefore reject Defendant's second assertion of error.

{5}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**TIMOTHY L. GARCIA, Judge**